IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| CHRISTINA WINTERBAUER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. |
| CITY OF ST. LOUIS, MISSOURI, a Constitutional Charter City, | ) |
| and | ) Jury Trial Demanded. |
| THE CIVIL SERVICE COMMISSION OF THE CITY OF ST. LOUIS, By its members: | ) |
| DEAN KPERE-DAIBO, Member, | ) |
| and | ) |
| BETTYE BATTLE-TURNER., Member, | ) |
| and | ) |
| STEVEN M. BARNEY, Member, | ) |
| (No Summons to Issue. Service will be made by Registered Mail pursuant to §536.110.2 RSMo.) | ) |
| Defendants. | ) |

**PETITION FOR DAMAGES AND INJUNCTIVE RELIEF**

COMES NOW the Plaintiff, Christina Winterbauer, by and through the undersigned attorney, and for her Petition under 42 U.S.C. § 1983, the First Amendment to the United States Constitution, and Title I, §§ 8, 10 of the Missouri Constitution against the Defendants City of St. Louis, the Civil Service Commission of the City of St. Louis, and the members of the Civil Service

1

Commission, Dean Kpere-Daibo, Bettye Battle-Turner, and Steven Barney, states as follows:

1. At all times mentioned herein, Plaintiff was an individual who currently resides at 8191 Grant Colonial Drive, St. Louis, Missouri 63123.

2. The Defendant City of Saint Louis ("City") is a municipal corporation organized and existing under and by virtue of the laws of the State of Missouri.

3. The Defendant Civil Service Commission of the City of St. Louis ("Commission") is a duly constituted administrative body created pursuant to the Charter of the City of St. Louis, Art. XVIII and is vested under Missouri Statute §84.344 RSMo, with general administrative and supervisory control over the St. Louis Metropolitan Police Division, Department of Public Safety for the City of St. Louis.

4. Defendants Dean Kpere-Daibo, Bettye Battle-Turner, and Steven M. Barney are members of the Civil Service Commission of the City of St. Louis ("Commissioners").

5. The Commission is an agency within the meaning and definition of §536.010, RSMo, and therefore its decisions are reviewable by this Court pursuant to §§ 536.010 and 536.140, RSMo.

6. At all relevant times, Plaintiff was a civilian employee with the St. Louis Metropolitan Police Division, Department of Public Safety. Plaintiff had a reasonable expectation of uninterrupted employment with Defendant City, subject to the Civil Service Rules for removal for just cause.

7. On or about March 12, 2021, Plaintiff was terminated by Defendant City based solely on protected speech in violation of the First Amendment to the United States Constitution and Missouri Constitution.

**Count 1**

**(First Amendment Claim)**

8. On or about May 31, 2020, Plaintiff authored a social media post which was submitted to Facebook and accordingly made and shared with all individuals she had connected with on Facebook as "Friends." The post read:

> And so it begins!
>
> Got a call yesterday on my day off, was told when I go back to work Tuesday, we will be on Mandatory 12 hours shifts, All because a bunch of Animals don't know when enough is enough!! This is my 3rd time working through Protesting & Riots since Ferguson 6 years ago!! I'm tired of my life being turned upside down, my work schedule changing (not by my choice), plans I had made changing, because these Mofo's are out of control! I suffer from anxiety & it has been really bad since all this protesting started here, worrying about our Officer's & my Co-Worker's getting to & from work safety! I'm afraid to drive to work due to not knowing if I'm going to run into a protest or being shot at because I'm white, yes they are targeting us white people because of the color of our skin! With that being said, to all of you supporters of this Crime, Looting & Destruction going on in our City & others, I hope you're happy with it all & screw you as well, now I'm angry because once again my life is now effected from this shit! This is how I feel about all of it so if you don't like it, too bad, press the unfriend button, because I promise you I will not lose sleep over it!!
>
> I ask you to pray for all of us First Responders through this, that we all make it to work safely & back home to our families safely! Pray for this madness to end, watch

3

your backs, be aware or your surroundings, because this is some scary shit going

on out on the streets!

God Bless us all!!!

9. Plaintiff's constitutionally protected statement was a critical response to the SLMPD mandating longer shifts and a changed work schedule due to the ongoing civil unrest, protests, and riots following the death of George Floyd.

10. Plaintiff's constitutionally protected speech was made on her private Facebook page which is curated by her to ensure it is neither actually nor practically visible to the general public. Plaintiff does not identify herself generally as an employee of the SLMPD or the City of Saint Louis.

11. The City of Saint Louis was experiencing general civil unrest which led to some rioting and looting. This civil unrest was widely covered by the media and represented a matter of public concern.

12. In response to Plaintiff's constitutionally protected speech, Plaintiff received no dissent or negative response.

13. After Plaintiff made her constitutionally protected comments on a matter of public concern, an unknown employee of the SLMPD reproduced Plaintiff's statement by capturing a picture of it and retransmitted Plaintiff's constitutionally protected speech to a broader audience, causing it to be reported on by local news sources. After this reproduction of Plaintiff's comments, the unknown employee who reproduced Plaintiff's comments received a significant number of individuals in the general public who voiced dissent and displeasure at Plaintiff's original comments.

14. Plaintiff is not personally aware of any dissent or displeasure as a result of her

comments or the reproduced comments from among her colleagues or coworkers. Plaintiff is similarly unaware of any disruption of the flow of work within the SLMPD from her comments.

15. Plaintiff's comments had no adverse effect on the working relationship or ability for Plaintiff and her colleagues and coworkers to perform the duties of their jobs.

16. Plaintiff's constitutionally protected statements were not part of an ongoing issue within the SLMPD regarding Plaintiff creating or adding to the disruption of workflow in the department.

17. On or about June 2, 2020, the department generated an Employee Misconduct Report (hereinafter "EMR") along with an allegation of misconduct against Plaintiff.

18. On or about June 4, 2020, relative to the active EMR, Plaintiff was transferred away from her standard duties as a dispatcher to work in the Property-Custody unit.

19. On or about March 3, 2021, after more than a nine-month delay, the department issued a notice of termination and a pre-termination review to be held on March 8, 2021. Plaintiff was terminated following the conclusion of that hearing.

20. Plaintiff was terminated on the basis of a violation of the Police Manual Section 7.004 (B), which states, "Every member of the Department shall, at all times, maintain reasonable standards of courtesy in his/her relations with the public and with other members of the Department and shall conduct him/herself in such a manner that no discredit will be brought upon the Department in general or him/herself in particular."

21. Plaintiff was also terminated on the basis of a violation of the Department of Personnel Regulation 150, Social Media Policy, which states, "Employees shall not post, transmit, share, or otherwise disseminate content that disparages a person or group of persons based on that person's or group's race [or] color."

5

22. Police Manual Section 7.004 (B) and Department of Personnel Regulation 150, Social Media Policy, as applied to the Plaintiff in this matter by the Police Division of the City of Saint Louis, violate the First Amendment of the United States and are an unlawful restriction on her right to free speech.

23. Plaintiff filed a timely appeal from her termination to the Civil Service Commission of the City of Saint Louis. A hearing was held on January 25, 2022, where evidence and testimony were adduced.

24. The Civil Service Commission of the City of Saint Louis and the individual commissioners, Defendants Dean Kpere-Daibo, Bettye Battle-Turner, and Steven Barney, upheld Plaintiff's termination on March 30, 2023.

25. Police Manual Section 7.004 (B) and Department of Personnel Regulation 150, Social Media Policy, as applied to the Plaintiff by the Civil Service Commission of the City of Saint Louis in this matter, violate the First Amendment of the United States and are an unlawful restriction on her right to free speech.

26. The Defendants' actions in terminating Plaintiff's employment were intentional, malicious, and showed a complete disregard for due process, First Amendment protections, and other constitutional rights owed to the Plaintiff under the First, Fourth, and Fourteenth Amendments to the United States Constitution, and Article I, §§ 8 and 10 of the Missouri Constitution.

27. Plaintiff's termination was an adverse employment action authorized, approved, and/or ratified by the Defendants under the color of state law and violated Plaintiff's rights under the Constitution of the United States and the Constitution of the State of Missouri.

28. As a direct and proximate result of defendants' acts and omissions, Plaintiff has

suffered humiliation and embarrassment, emotional distress and mental anguish, pain, suffering, and lost wages and associated damages in an amount yet to be determined.

29. As a direct and proximate result of defendants' acts and omissions, Plaintiff has suffered action damages and will continue to suffer additional damages, in an amount in excess of $25,000, exclusive of costs, as well as other monetary and non-monetary benefits.

30. The First Amendment of the United States Constitution grants rights of free speech and associated protections from the federal government. Those rights and protections have been extended to protect against each individual state through the Fourteenth Amendment of the United States Constitution. Article I, § 8 of the Missouri Constitution further solidifies an individual's right of free speech within the State of Missouri.

31. Plaintiff's termination is unlawful retaliatory termination based on Plaintiff's constitutionally protected speech.

32. All of the actions of Defendants were careless and reckless and performed in complete disregard of the law and the rights of the Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish the Defendants for their wrongful conduct and deter them from like conduct in the future.

WHEREFORE, Plaintiff prays a judgment in her favor and against all Defendants and thereafter:

(a) Injunctive relief against Defendant City, reinstating Plaintiff's employment and amenities within the Saint Louis Metropolitan Police Department;

(b) Relief against Defendant City of Saint Louis in the form of back-pay for the time Plaintiff was not employed by the Saint Louis Metropolitan Police Department;

(c) Punitive damages against Defendants Dean Kpere-Daibo, Bettye Battle-Turner,

and Steven Barney;

(d)     Costs and attorneys' fees incurred against all Defendants; and

(e)     Such other relief as this Court deems just and proper.

Respectfully submitted,

BRUNTRAGER & BILLINGS, P.C.

/s/ Peter O. Bruntrager
Peter O Bruntrager #67974
225 S. Meramec Ave., Suite 1200
Clayton, MO 63105
314-646-0066
314-646-0065 – facsimile
pob@law-stl.com

Attorney for Plaintiff

Electronically Filed - CITY OF ST. LOUIS - May 09, 2024 - 02:28 PM