UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTINA WINTERBAUER., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:25-cv-00390-MAL |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court are two motions to file documents out of time, Doc. 14, and one motion to substitute a party under Rule 25, Doc. 8. In this case, Plaintiff Christina Winterbauer claims that the City of St. Louis (City) and the Civil Service Commission of the City of St. Louis (Civil Service Commission) violated her free speech rights when she was fired her from her job as a civilian employee at the St. Louis Metropolitan Police Division, Department of Public Safety, for making certain Facebook comments. Doc. 1. Winterbauer sued the Civil Service Commission by its members Dean Kpere-Daibo, Bettye Battle Turner, and Steven M. Barney ("Civil Service Commission Members") and the City. Doc. 1.

On March 26, 2025, the City filed a motion to dismiss. The court did not send an electronic notice to Winterbauer regarding the motion to dismiss. Doc. 3. The City claims it sent Winterbauer a copy, Doc. 3, but Winterbauer asserts she never received one. Doc. 14. The court believes both parties acted in good faith and have a reasonable basis for their respective understandings.

On July 29, 2025, several nonparties — the St. Louis Board of Police Commissioners and its individual board members (Brad Arteaga, Sonya Jenkins-Gray, Edward McVey, Chris Saracino, and Mayor Cara Spencer)—moved under Fed. R. Civ. P. 25(c) to substitute themselves as the only named defendants in this matter (as opposed to the City and the Civil Service Commission members). Doc. 8. Winterbauer responded on October 22, 2025—71 days after the deadline had passed. Doc 12. The Court issued a show cause order as to why the Court should not strike the response as untimely under Fed. R. Civ. P. 6(b)(1)(B).

1

On October 24, 2025, Winterbauer responded to the Show Cause order. Doc. 14. Her response also included requests to file both her opposition to the motion to dismiss and her opposition to the Rule 25 motion out of time. Doc. 14.

This Court takes up both motions for leave to file out of time, Doc. 14, and the motion to substitute party Doc. 8. For the following reasons, the Court **GRANTS** the motion to file the response to the motion to dismiss out of time. The Court **DENIES** the motion to file the response to the Rule 25 motion out of time. The Rule 25 motion to substitute parties is **HELD IN ABEYANCE** until the movants follow the requirements of Rule 25 and serve a notice of hearing.

I. **Motions for Extension of Time**

A. **Legal Standard for Extensions of Time After Time Expires**

Rule 6(b) states in relevant part that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time" on a party's motion "after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). "The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Chorosevic v. MetLife Choices*, 600 F.3d 934, 947 (8th Cir. 2010) (internal quotation marks omitted). "Relevant considerations include the danger of prejudice to the opposing party, the length of the delay, the reason for the delay, and whether the movant acted in good faith." *Spirit Lake Tribe v. Jaeger,* 5 F.4th 849 (8th Cir. 2021).

B. **Application of Law to Facts**

1. **Winterbauer's delay in responding to the motion to dismiss was due to excusable neglect.**

With respect to the first element, prejudice, the Court finds that any prejudice to the City is minimal. With respect to the second element—the length of the delay—was fairly long (more than seven months), but not so long that it is prejudicial to the City. With respect to the third element—the reason for the delay—Winterbauer states that she did not respond to the motion to dismiss because she was not served with it. If true, this would have been at least understandable. With respect to the fourth element, the Court believes that Winterbauer acted in good faith. Though the City claims that it served Winterbauer, the Court believes that both parties honestly believe their side of the story and have reasons for their beliefs. The dispute is based on an honest mistake by one party, and both parties are acting in good faith.

For these reasons, this Court grants Winterbauer's motion for extension of time to file an opposition to the motion to dismiss and directs that she do so by November 26.

### 2. The delay in responding to the motion to substitute parties was not due to excusable neglect.

Winterbauer asserts that she did not respond to the Motion to Substitute party, Doc. 8, because at the time it was filed, she did not oppose it, and she did not believe that she had to respond.  Since that time, Winterbauer asserts that she has changed her mind.  But changing one's mind about whether one opposes a motion is not "excusable neglect." *See Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 857 (8th Cir. 2010) (making an intentional decision not to do something is not "excusable neglect").

## II.  Motion to Substitute Party

### A.  Legal Standard for Substituting Parties

Rule 25(c) states that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party.  The motion must be served as provided in Rule 25(a)(3)."  Rule 25(a)(3) states, in relevant part: "A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4."

"The decision whether to substitute parties lies within the discretion of the trial judge and he may refuse to substitute parties in an action even if one of the parties so moves." *Froning's, Inc. v. Johnston Feed Serv., Inc.*, 568 F.2d 108, 110 n.4 (8th Cir. 1978).

### B.  Application of Law to Facts

Here, the nonparties who filed the motion to intervene did not serve a notice of hearing as Rule 25(a)(3) requires.  This Court would like to have a hearing before ruling on this motion.  Its rationale is as follows:

(1)  Mo. Rev. Stat. § 84.325.2 requires the St. Louis municipal police department to "transfer to the [St. Louis Board of Police Commissioners] title and ownership of all indebtedness and assets,"

(2)  It is also clear that Mo. Rev. Stat. § 84.325.3 requires "the state [to] accept responsibility, ownership, and liability as successor-in-interest for contractual obligations and other lawful obligations of the [St. Louis] municipal police department."

(3)   But here, Winterbauer sued the City of St. Louis and its Civil Service Commission (through its Members), not St. Louis's municipal police department. So it is unclear why the State would have to accept responsibility for the suit against the City and the Civil Service Commission.

(4)   Further, case law suggests that police departments "are simply departments or subdivisions of cities" and so "are not juridical entities suable as such." *Ketchum v. City of West Memphis, Arkansas*, 974 F.2d 81, 82 (8th Cir. 1992); *El-Alamin v. Radke*, 369 Fed. Appx. 770, at *1 (8th Cir. 2010). And if police departments can never be sued, this raises the question whether § 84.325.3 transfers liabilities stemming from lawsuits relating to police departments to the State.

(5)   And finally, the doctrine of sovereign immunity provides that States do not voluntarily take on liabilities (as the St. Louis Board of Police Commissioners and its individual board members allege is happening here) absent an unequivocally clear statement of intent to do so. *McNeill Trucking Co. v. Missouri State Hwy. and Transp. Comm'n*, 35 S.W.3d 846, 848 (Mo. 2001) (because "the sovereign cannot be sued without its consent," "statutory provisions that waive sovereign immunity must be strictly construed").

\*     \*     \*

**IT IS HEREBY ORDERED** that the Motion to Respond to the Motion to Dismiss (contained in Doc. 14) is **GRANTED**, and the Motion to Respond to the Motion to Substitute Parties (contained in Doc. 14), is **DENIED.**

**IT IS FURTHER ORDERED** that the Motion to Substitute Party, Doc. 8, is **HELD IN ABEYANCE** until the movants follow the requirements of Rule 25 and serve a notice of hearing. If the notice of hearing is not filed by November 25, 2025, the Court will deny this motion without prejudice.

Dated this 18th day of November 2025.

Maria A. Lanahan
MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE