UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINA WINTERBAUER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-00390-MAL |
| | ) | |
| CITY OF ST. LOUIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

The Court has reviewed and considered Defendants' Motion to Dismiss Plaintiff Christina Winterbauer's complaint. Doc. 3. The Motion to Dismiss is **GRANTED** in part and **DENIED** in part. The Motion to Dismiss, Doc. 3, is **GRANTED** with respect to the Civil Service Commission as an entity. The Motion to Dismiss, Doc. 3, is otherwise **DENIED.**

### FACTS AND BACKGROUND[1]

Christina Winterbauer was a civilian employee of the St. Louis Metropolitan Police Division, Department of Public Safety where she worked as a dispatcher. Doc. 1-3 at 3-6. During the 2020 Black Lives Matter protests, Winterbauer made a private Facebook post commentating on the situation in St. Louis. *Id* at 4-5. The post read:

> And so it begins!  Got a call yesterday on my day off, was told when I go back to work Tuesday, we will be on Mandatory 12 hours shifts, All because a bunch of Animals don't know when enough is enough!!  This is my 3rd time working through Protesting & Riots since Ferguson 6 years ago!!  I'm tired of my life being turned upside down, my work schedule changing (not by my choice), plans I had made changing, because these Mofo's are out of control!  I suffer from anxiety & it has been really bad since all this protesting started here, worrying about our Officer's & my Co-Worker's getting to & from work safety!  I'm afraid to drive to work due to not knowing if I'm going to run into a protest or being shot at because I'm white, yes they are targeting us white people because of the color of our skin!  With that being said, to all of you supporters of this Crime, Looting & Destruction going on in our City & others, I hope you're happy with it all & screw you as well, now I'm angry because once again my life is now effected from this shit!  This is

---

[1] All facts pleaded in the complaint are assumed true when determining whether to dismiss counts under Rule 12(b)(6). *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 715-16 (8th Cir. 2011).

1

>how I feel about all of it so if you don't like it, too bad, press the unfriend button, because I promise you I will not lose sleep over it!!
>
>I ask you to pray for all of us First Responders through this, that we all make it to work safely & back home to our families safely!  Pray for this madness to end, watch your backs, be aware or your surroundings, because this is some scary shit going on out on the streets!
>
>God Bless us all!!!

*Id.* at 4–5.  The post was subsequently shared with local media by an anonymous third party.  *Id.* at 5.  Winterbauer alleges that there was no internal backlash to her post, and that it did not disrupt the department.  *Id.* at 5-6.

In response to the post, the Department terminated Winterbauer.  *Id.* at 6.  Winterbauer appealed to the Civil Service Commission of St. Louis.  *Id.* at 7.  After holding a hearing, the Civil Service Commission upheld Winterbauer's termination by the Department.  *Id*.

### PROCEDURAL HISTORY

Winterbauer filed suit against the City and the Civil Service Commission of St. Louis through its members Dean Kpere-Daibo, Bettye Battle-Turner, and Steven Barney.  Doc. 1.  Defendants removed the action to federal court.  Doc. 1.  In her operative complaint, Winterbauer alleges one count:

Count I: Violation of 42 U.S.C § 1983 for termination by the City in violation of the U.S. Constitution's First Amendment. Doc 1-3.  Winterbauer expressly declines to bring a separate claim for relief under the Missouri Constitution or Mo. Rev. Stat. § 536.010 *et seq*.  Doc. 17 at 9.

The City filed a Motion to Dismiss.  Doc. 3.  The City contends that the claim must be dismissed because: (1) the claim is barred by res judicata, (2) the speech was not protected under the first amendment because it was not a matter of public concern, (3) even if the speech was a matter of public concern, it was not protected because it caused substantial disruption to the workplace, which outweighed Winterbauer's interest in the speech, and (4) the Civil Service Commission (as such) is not a suable entity.[2]  Doc. 3-1.

---

[2] The City also contends that relief is improper under the Missouri Constitution and Mo. Rev. Stat. § 536.  This is not contested by Winterbauer.  Doc. 17.

## LEGAL STANDARD

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This standard requires a plaintiff to show at the pleading stage that success on the merits is more than a "sheer possibility." *Id*. It is not, however, a "probability requirement." *Id*. A plaintiff need not provide specific facts in support of his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id*. at 562 (citation omitted). At this stage, the Court accepts as true the factual allegations in the complaint. *Id*. at 556.

Determining if well-pled factual allegations state a "plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The well-pled facts must establish more than a "mere possibility of misconduct." *Id*.

On a motion to dismiss, the court may not consider matters outside of the pleadings. "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "Most courts ... view 'matters outside the pleading' as including any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992) (quoting Wright & Miller, Federal Practice and Procedure § 1366). Even if not filed with the pleadings "documents necessarily embraced by the complaint" can be considered on a motion to dismiss. *See Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012)

(quoting *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir.2004)). "[M]aterials embraced by the complaint include documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings." *Zean v. Fairview Health Servs.,* 858 F.3d 520, 526 (8th Cir. 2017) (citation omitted). Separately, "[t]he district court may take judicial notice of public records and may thus consider them on a motion to dismiss." *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003).

## DISCUSSION

### I.  The Court cannot consider the Civil Service Commission's written decision on the motion to dismiss.

The City argues that Winterbauer's claims must be dismissed because they are claim precluded by the decision of the Civil Service Commission. If a res judicata defense "is apparent on the face of the complaint ... that [defense] can provide the basis for dismissal under Rule 12(b)(6) . . . . [T]he phrase [']face of the complaint['] ... include[s] public records and materials embraced by the complaint, and material[s] attached to the complaint . . . ." *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 764 (8th Cir. 2012) (quotation omitted). Here, the res judicata defense is not apparent on the face of the complaint. The Civil Service Commission's decision was not attached to the complaint. Nor does the City claim that the Civil Service Commission report is public. Doc. 3-1 at 3. Indeed, it does not appear to be publicly available.[3] Because the decision is not publicly available, it does not fall under the exception for information in the public record.

The City contends that the Court can take judicial notice of information outside of the public record without converting the case into one for summary judgment. The authority cited by the City does not support this proposition. Instead, it indicates that, to the extent matters subject to judicial notice may be considered on a motion to dismiss, they must be part of the public record. *Porous Media Corp. v. Pall Corp.* does not mention judicial notice. 186 F.3d 1077, 1079 (8th Cir. 1999). It holds that "the court generally must ignore materials outside the pleadings, but it may

---

[3] Missouri law implies that these records are not public. Winterbauer was terminated by the City on or about March 12, 2021. Doc. 1-3 at 3. At that time, Missouri law required that "The civil service commission's [i.e., the St. Louis Civil Service Commission's] rules and regulations shall provide that records prepared for disciplinary purposes shall be confidential, closed records available solely to the civil service commission and those who possess authority to conduct investigations regarding disciplinary matters pursuant to the civil service commission's rules and regulations." Mo. Rev. Stat. § 84.344(8) (2020).

consider some materials that are part of the *public record* or do not contradict the complaint." *Id.* (quotation omitted) (emphasis added). Similarly, *Stahl* holds that "[t]he district court may take judicial notice of *public records* and may thus consider them on a motion to dismiss." 327 F.3d at 700 (emphasis added). Like in *Stahl*, the court in *Welch v. Union Pac. R.R. Co.,* found that the document being considered was in the public record. No. 16-00431-CV-W-ODS, 2016 WL 4154760, at *2 (W.D. Mo. Aug. 4, 2016) ("administrative complaints are matters within the public record and can be considered with regard to a motion to dismiss") (citing *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802–03 (8th Cir. 2002)). Finally, the last case cited by the City is inapposite as it does not concern a motion to dismiss. *Missouri Pac. R. Co. v. United Transp. Union Gen. Comm. of Adjustment,* 580 F. Supp. 1490, 1493 (E.D. Mo. 1984), aff'd sub nom. *Missouri Pac. R. Co. v. United Transp. Union*, 782 F.2d 107 (8th Cir. 1986).

The exception for documents embraced by the complaint is similarly inapplicable. "[M]aterials embraced by the complaint include documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings." *Zean,* 858 F.3d at 526 (citation omitted). Winterbauer does not allege the contents of the Civil Service Commission's decision in the complaint. Winterbauer's only allegations related to the appeal to the Civil Service Commission are that "[a] hearing was held on January 25, 2022, where evidence and testimony were adduced" and that "[t]he Civil Service Commission of the City of Saint Louis and the individual commissioners, Defendants Dean Kpere-Daibo, Bettye Battle-Turner, and Steven Barney, upheld Plaintiff's termination on March 30, 2023." Doc. 1-3 at 7. Plaintiff does not mention a written report or allege its contents. Rather, she alleges that the Commission concluded that her termination was proper. The fact that the complaint admits that the Commission made an administrative decision is not enough for the administrative decision to be considered part of the pleadings. *See Alexander v. Pathfinder, Inc.*, 91 F.3d 59, 63 (8th Cir. 1996). To the extent Winterbauer describes the allegations against her, she refers to the initial Employee Misconduct Report—not the appeal. *See* Doc. 1-3 at 6. Because the Commission's decision is not a public record, and is not necessarily embraced by the complaint, the Court will not consider it at this stage.

If the Court does not consider the written decision of the Civil Service Commission, it cannot determine whether to give the decision preclusive effect. That is, fact-finding of state

5

agencies is given preclusive effect in some subsequent actions, but not legal conclusions. *Peery v. Brakke*, 826 F.2d 740, 746 (8th Cir. 1987); *Univ. of Tennessee v. Elliott*, 478 U.S. 788, 798 (1986) ("Having federal courts give preclusive effect to the *factfinding* of state administrative tribunals also serves the value of federalism."); *Perley by Perley v. Palmer*, 157 F.R.D. 452, 458 (N.D. Iowa 1994) (being "[un]persuaded that *Deretich* bars plaintiffs' claims in the present case [because] *Deretich* … does not contain any discussion of the distinctions between law and fact"); *but see Deretich v. Off. of Admin. Hearings, State of Minn.*, 798 F.2d 1147, 1153–54 (8th Cir. 1986). Because any preclusive effect is based on the agencies' fact findings, and we do not have these facts because the report cannot be considered, the question of if this preclusion applies here is not yet ripe. *See Alexander*, 91 F.3d at 63 (error to consider preclusive administrative agency decision on a motion to dismiss because the content of the decision was a matter outside of the pleadings).

## II.     Winterbauer's speech was protected under the First Amendment.

The City claims Winterbauer's speech was not protected by the First Amendment. But at the motion to dismiss stage, Winterbauer has pled facts sufficient to establish that her speech was protected.

### A. First Amendment Standard.

"As a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions for engaging in protected speech." *Melton v. City of Forrest City, Arkansas*, 147 F.4th 896, 901 (8th Cir. 2025) (quoting *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019)). "Under Eighth Circuit precedent, we must proceed through a multi-step analysis to determine if [a plaintiff's] non-testimonial speech is entitled to First Amendment protection. First, we must 'determin[e] whether the employee spoke as a citizen on a matter of public concern.'" *Henry v. Johnson*, 950 F.3d 1005, 1011 (8th Cir. 2020) (citation omitted). "If the answer is yes, then the possibility of a First Amendment claim arises." *Hemminghaus v. Missouri*, 756 F.3d 1100, 1111 (8th Cir. 2014) (citation omitted). "Once the possibility of a First Amendment claim arises, the next question is whether Defendants have produced evidence to indicate the speech had an adverse impact on the efficiency of the employer's operations." *Mayfield v. Missouri House of Representatives*, 122 F.4th 1046, 1053 (8th Cir. 2024) (cleaned up) (citation omitted). "Where there is no evidence of disruption, resort to the *Pickering* factors is unnecessary because there are no government interests in efficiency to weigh against First Amendment interests." *Belk v. City of*

6

*Eldon,* 228 F.3d 872, 881 (8th Cir. 2000). "Finally, 'if such an adverse impact is found, the court engages in the *Pickering* balancing inquiry.'" *Henry* 950 F.3d at 1011 (citation omitted).

### B. Application of law to facts.

The City argues that Winterbauer did not speak on a matter of public concern. Doc. 3-1 at 5. It further contends that even if Winterbauer's speech was a matter of public concern, the speech was not protected because it caused a substantial disruption to the workplace. *Id*. The City is mistaken. Winterbauer spoke on a matter of public concern. Further, at the motion to dismiss stage, the pleadings do not indicate that her speech had an adverse impact on the employer. She has adequately pleaded her case.

#### *1. Winterbauer spoke as a private citizen on a matter of public concern.*

It is undisputed that Winterbauer spoke as a private citizen rather than as a representative of the Department. The City contends that Winterbauer was speaking about her personal life rather than addressing a matter of public concern. Doc. 3-1 at 5. "When the speech in question involves a matter of political, social or other concern to the community it is of public concern. Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement." *Henry*, 950 F.3d at 1012 (internal quotation marks omitted) (cleaned up). The content of the speech concerns the impact of "the [then] ongoing civil unrest, protests, and riots following the death of George Floyd" on the City of St. Louis. Doc. 1-3 at 4. While elements of the speech were personal (e.g., expressing her fear of being murdered by rioters and her displeasure at working long shifts to mitigate the damage caused by riots), these elements are examples of how a wider issue of public concern was impacting her as a member of the community. It would be absurd to hold that criticism of violent riots in a community does not address a matter of public concern. *See Gustilo v. Hennepin Healthcare Sys., Inc.,* 122 F.4th 1012, 1020 (8th Cir. 2024) ("[T]here can be little doubt that the subjects addressed in Dr. Gustilo's media posts [including the Black Lives Matter protests] were matters of public concern.") This finding is supported by the context of the post. The Eighth Circuit ruled in *Bresnahan v. City of St. Peters* that "[a]t the time Bresnahan sent the video, BLM protests were the subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public." 58 F.4th 381, 385 (8th Cir. 2023) (internal quotation marks omitted). So too here. The overall purpose of Winterbauer's post was to criticize the violence perpetrated by the Black Lives Matter movement, which is and was a matter of public concern.

### 2. *The complaint does not allege facts which indicate that the speech had an adverse effect on efficiency.*

Considering the complaint in the light most favorable to the plaintiff, the speech did not have an adverse effect on efficiency. Courts look to see if the speech "created workplace disharmony, impeded [] performance, ... impaired working relationships, or otherwise had an adverse impact on the efficiency of the [governmental department's] operations." *Melton v. City of Forrest City, Arkansas*, 147 F.4th 896, 902 (8th Cir. 2025) (internal quotation marks omitted). Here, Winterbauer alleges that, to her knowledge, the comments did not cause dissent or displeasure among her coworkers. Doc. 1-3 at 5–6. She further alleges that the comments did not disrupt the workflow within the department, have an adverse effect on working relationships, or negatively impact the ability of her, or her colleagues, to perform their duties. *Id.* at 6. Rather, any displeasure at the comments was external to the department and arose only because a third party transmitted the speech to a broader audience than Winterbauer intended. Doc. 1-3 at 4. Outsider complaints on their own (i.e., without a showing as to how they affected the government's ability to deliver public services) are insufficient to meet the adverse effect factor. *See Melton v. City of Forrest City, Arkansas*, 147 F.4th 896, 903 (8th Cir. 2025). Taking the allegations in the complaint as true, we can end our inquiry here.

### III. Winterbauer has withdrawn any claim against the Civil Service Commission as an entity.

In the motion to dismiss, the City argues that the Civil Service Commission is not a suable entity. Doc. 3-1 at 12. Winterbauer agrees. Doc. 17 at 10. Because both parties agree that the Civil Service Commission is not a proper defendant, the Motion to Dismiss is granted as to the Civil Service Commission.

### Conclusion

For the aforementioned reasons, the City's Motion to Dismiss, Doc. 3, is **GRANTED** in part and **DENIED** in part. The motion to Dismiss, Doc. 3, is **GRANTED** with respect to the Civil Service Commission as an entity. The motion to Dismiss, Doc. 3, is otherwise **DENIED.**

Dated this 26th day of February, 2026.

MARIA A. LANAHAN  
UNITED STATES DISTRICT JUDGE